**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **MONEKA PRINCE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:23-CV-00066-NCC** |
| | ) | |
| **SCOTT E. CURRY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Moneka Prince's motion to proceed in district court without prepaying fees or costs. (ECF No. 2). Having reviewed the application and the financial information provided in support, the Court will grant the request and assess an initial partial filing fee of $2.50. See 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis must pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court will assess an initial partial filing fee equal to the greater of either: (1) 20 percent of the average monthly deposits in the prisoner's account for the six months immediately preceding the filing of the lawsuit, or (2) 20 percent of the average monthly balance in the prisoner's account over the same six-month period. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10, until the prisoner has paid the fee in full. *Id.*

In support of her application, plaintiff has submitted a certified account statement that reflects deposit activity from June 21, 2023 to December 20, 2023. (ECF No. 9). While the statement does not cover the entire six-month period preceding the filing of the complaint, the Court was able to calculate an average monthly deposit of $12.50 for the period shown. Thus, the Court will assess an initial partial filing fee of $2.50, representing 20 percent of plaintiff's average monthly balance over that time. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of her inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances").

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912,

914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### The Complaint

Plaintiff is an inmate at the Women's Eastern Reception, Diagnostic and Correctional Center ("WERDCC") in Vandalia, Missouri. (ECF No. 1). She brings this suit under 42 U.S.C. § 1983 against Scott Curry, a correctional officer at WERDCC, for alleged sexual misconduct. *Id.* Plaintiff alleges that defendant exposed himself and made lewd comments about plaintiff's sexual abilities. *Id.* Plaintiff asserts that she reported the incident and that unnamed individuals destroyed the paperwork as part of a "cover-up." *Id.* She also contends that an unnamed officer wrote her up to keep her "from telling on him[.]" *Id.* Plaintiff reports that she was sexually abused as a child. She states that she experienced "flashbacks and PTSD" because of defendant's conduct. *Id.* Plaintiff seeks monetary damages in the amount of at least $80,000. *Id.*

3

**Discussion**

Liberally construed, the complaint appears to assert claims of sexual harassment and First Amendment retaliation. The Court will address each claim in turn. First, however, the Court notes that plaintiff does not state whether she is suing defendant in his official or individual capacity. As a result, the Court interprets the complaint to include only official-capacity claims. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) (stating that  if a plaintiff's complaint is silent as to capacity, the court interprets the complaint as including only official-capacity claims); *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.").

"A core tenet of 42 U.S.C. § 1983 jurisprudence is that an official capacity suit against an individual is really a suit against that official's government entity." *Banks v. Slay*, 875 F.3d 876, 878 (8th Cir. 2017). "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983"). Further, absent a waiver, the Eleventh Amendment bars suit for damages against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998). For these reasons alone, plaintiff's complaint falls short. But as discussed below, even if plaintiff were suing defendant in his individual capacity, her complaint would still be subject to dismissal.

## I.  Sexual Harassment

"Intentional sexual harassment by persons acting under color of state law violates the Fourteenth Amendment and is actionable under § 1983." *Moring v. Arkansas Dep't of Corr.*, 243 F.3d 452, 455 (8th Cir. 2001) (citation omitted). Thus, a prisoner can bring a claim of sexual harassment against a correctional employee under § 1983. *Watson v. Jones*, 980 F.2d 1165, 1166 (8th Cir. 1992). "Because sexual harassment or abuse of a prisoner by a correctional officer can never serve a legitimate penological purpose, such abuse can constitute the unnecessary and wanton infliction of pain." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997). To prevail on a constitutional claim of sexual harassment, a prisoner must prove that: (1) as an objective matter, the alleged abuse or harassment caused pain, and (2) as a subjective matter, the officer acted with a sufficiently culpable state of mind. *Id*. Sexual harassment, absent contact or touching, does not constitute unnecessary and wanton infliction of pain. *Howard v. Everett*, 208 F.3d 218 (8th Cir. 2000) (unpublished opinion).

Here, plaintiff alleges that defendant exposed himself to her and made lewd comments about her sexual abilities. (ECF No. 1). Plaintiff does not assert that defendant touched her in any way. Despite the abhorrent nature of the alleged conduct, it does not constitute unnecessary and wanton infliction of pain. *See Howard*, 208 F.3d at 218. Thus, plaintiff's allegations do not establish a plausible claim of sexual harassment against defendant. *Id.*

## II.  First Amendment Retaliation

As a general matter, the First Amendment prohibits government officials from retaliating against an individual for speaking out. *See Hartman v. Moore*, 547 U.S. 250, 256 (2006). To prevail on a First Amendment retaliation claim, a plaintiff "must show that [she] engaged in protected activity, that the [defendant's] actions caused an injury to the [plaintiff] that would chill

a person of ordinary firmness from continuing to engage in the activity, and that a causal connection exists between the retaliatory animus and the injury." *Bernini v. City of St. Paul*, 665 F.3d 997, 1007 (8th Cir. 2012).

"Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976)). Here, plaintiff asserts only that an unnamed officer wrote her up to keep her "from telling on him[.]" (ECF No. 1). It is unclear whether plaintiff is referring to defendant or another officer. Thus, plaintiff cannot establish defendant's direct responsibility for her alleged deprivation of rights. *See Madewell*, 909 F.2d at 1208. Thus, plaintiff's allegations do not establish a plausible claim of First Amendment retaliation. *Id.*

### Instructions for Amending the Complaint

Because plaintiff is self-represented in this matter, the Court will allow her to amend her complaint. She shall do so using the Court's "Prisoner Civil Rights Complaint" form. In the "Caption" section of the form, plaintiff must state the first and last name of each defendant, if known. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). If there is not enough room in the caption, plaintiff may include additional sheets of paper. In any case, plaintiff must clearly list all defendants and state whether she intends to sue each in their individual capacity, official capacity, or both. Plaintiff should avoid naming any defendant that is not directly related to her claim(s). Plaintiff should put her case number in the appropriate location on the upper right-hand section of the first page.

In the "Statement of Claim" section, plaintiff should begin by writing a defendant's name. Then, in separate numbered paragraphs under that name, plaintiff should: (1) set forth a short and plain statement of the factual allegations supporting her claim against that defendant; and (2) state

6

what constitutional or federal statutory right(s) that defendant violated. Each averment must be simple, concise, and direct. *See* Fed. R. Civ. P. 8(a). If plaintiff is suing more than one defendant, she should proceed in the same manner with each defendant. No introductory or conclusory paragraphs are necessary.

Plaintiff should only include claims that arise out of the same transaction or occurrence. Put another way, all of plaintiff's claims must relate to each other in some way. *See* Fed. R. Civ. P. 20(a)(2). By contrast, if plaintiff is suing only a single defendant, she may set forth as many claims as she has against that individual. *See* Fed. R. Civ. P. 18(a).

Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff is suing a defendant in their individual capacity, she must allege facts demonstrating that defendant's personal responsibility for the alleged harm. *See Madewell*, 909 F.2d at 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). If plaintiff is suing multiple defendants, she must establish the responsibility of each defendant for the alleged harm. That is, for each defendant, plaintiff must allege facts showing how that defendant's acts or omissions violated her constitutional rights. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). A conclusory allegation about a defendant's supervisory role will not suffice. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.") (citation and internal quotation marks omitted).

Plaintiff must fill out the complaint form completely, including the "Injuries" section. There is no constitutional violation where an inmate cannot show she suffered an injury or adverse health consequence. *See Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995). "Claims under the

Eighth Amendment require a compensable injury to be greater than *de minimis.*" *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). "While a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation." *White v. Holmes*, 21 F.3d 277, 281 (8th Cir. 1994).

The Court advises plaintiff that an amended complaint completely replaces the original complaint. That is, any claims not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect.").

After receiving the amended complaint, the Court will review it under 28 U.S.C. § 1915. If plaintiff does not file an amended complaint on the Court-provided form within thirty (30) days per the instructions set forth above, the Court will dismiss this action without prejudice and without further notice to plaintiff.

## Motion to Appoint Counsel

Plaintiff has also filed a motion to appoint counsel. (ECF No. 3). A litigant in a civil case does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro

8

se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro

se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Here, plaintiff has yet to file a complaint that survives initial review. Further, plaintiff has

demonstrated up to this point that she can adequately present her claims to the Court. Additionally,

neither the factual nor the legal issues in this case appear to be complex. The Court may entertain

future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in the district court without

prepaying fees or costs is **GRANTED**. (ECF No. 2).

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $2.50 within

**thirty (30) days** of the date of this Order. Plaintiff must make her remittance payable to "Clerk,

United States District Court," and to include upon it: (1) her name; (2) her prison registration

number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail to plaintiff a blank

"Prisoner Civil Rights Complaint" form. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that within **thirty (30) days** of the date of this Order,

plaintiff shall file an amended complaint on the Court-provided form per the Court's instructions.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED**

without prejudice. (ECF No. 3).

**IT IS FURTHER ORDERED** that if plaintiff does not timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 19th day of March, 2024.

/s/ Noelle C. Collins
_____
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE
