UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| MONEKA PRINCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-CV-66 NCC |
| | ) | |
| SCOTT E. CURRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Moneka Prince's Amended Complaint. (ECF No. 14). The Court previously granted Plaintiff's application to proceed in forma pauperis in this action, and will now review the Amended Complaint under 28 U.S.C. § 1915. After careful review, the Court will dismiss Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e)(2).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912,

914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Amended Complaint**

Plaintiff is an inmate at the Women's Eastern Reception, Diagnostic and Correctional Center ("WERDCC") in Vandalia, Missouri. (ECF No. 14). She brings this suit under 42 U.S.C. § 1983 against Scott Curry (correctional officer), the State of Missouri, and the Missouri Department of Corrections ("MDOC"). *Id.*[1] She sues Defendant Curry in his individual capacity only. *Id.*

Plaintiff alleges that Defendant Curry exposed his genitals to Plaintiff and made lewd comments about her body. *Id.* She reports that she experienced sexual abuse as a child and that

---

[1]Plaintiff also lists the following defendants in the caption of the Amended Complaint: Sergeant B. Crote, Captain Parrott, Ms. Pratt, Sergeant Rick, Sergeant Lewis, Caseworker Donna Brown, and COI Ms. Scott. The Amended Complaint contains no factual allegations against these defendants. In its Order dated March 19, 2024, the Court explained that "plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant." (ECF No. 13 at 7).

2

Defendant Curry's conduct caused her to suffer flashbacks and PTSD. *Id.* Plaintiff seeks monetary damages in the amount of at least $80,000. *Id.*

## Discussion

Liberally construed, the Amended Complaint appears to assert a claim of sexual harassment. After careful review, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted.

"Intentional sexual harassment by persons acting under color of state law violates the Fourteenth Amendment and is actionable under § 1983." *Moring v. Arkansas Dep't of Corr.*, 243 F.3d 452, 455 (8th Cir. 2001) (citation omitted). Thus, a prisoner can bring a claim of sexual harassment against a correctional employee under § 1983. *See Watson v. Jones*, 980 F.2d 1165, 1166 (8th Cir. 1992). "Because sexual harassment or abuse of a prisoner by a correctional officer can never serve a legitimate penological purpose, such abuse can constitute the unnecessary and wanton infliction of pain." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997). To prevail on a constitutional claim of sexual harassment, a prisoner must prove that: (1) as an objective matter, the alleged abuse or harassment caused pain, and (2) as a subjective matter, the officer acted with a sufficiently culpable state of mind. *Id*. The Eighth Circuit has suggested that a claim of sexual harassment, absent contact or touching, is unlikely to constitute the unnecessary and wanton infliction of pain. *See Howard v. Everett*, 208 F.3d 218 (8th Cir. 2000) (unpublished opinion).

### 1. Defendant Curry

Plaintiff alleges that Defendant Curry exposed himself to her and made lewd comments about her body. (ECF No. 14). Plaintiff does not assert that Defendant Curry touched her in any way or caused physical harm. Despite the abhorrent and outrageous nature of the defendant's alleged conduct, it does not rise to the level of unnecessary and wanton infliction of pain and . *Compare Howard*, 208 F.3d at 218 (defendant's verbal sexual harassment did constitute

unnecessary and wanton infliction of pain), *with Seltzer-Bey v. Delo*, 66 F.3d 961 (8th Cir. 1995) (allegations that prison guard conducted daily strip searches, made sexual comments about prisoner's penis and buttocks, and rubbed prisoner's buttocks with nightstick, were sufficient to withstand motion for summary judgment); *see also Williams v. Prudden*, 67 F. App'x 976, 978 (8th Cir. 2003) (unpublished per curiam) (citing to 42 U.S.C. § 1997(e)(e) (no federal civil action may be brought by prisoner for emotional injury without showing of physical injury)). Thus, the Court finds that Plaintiff's allegations do not establish a plausible claim of actionable sexual harassment against Defendant Curry under 42 U.S.C. § 1983.

### 2. The State of Missouri and the MDOC

Plaintiff also sues the State of Missouri and the MDOC. Plaintiff's claims against these defendants fail for two reasons. First, "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Howlett v. Rose*, 496 U.S. 356, 365 (1990) ("*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court."). Second, absent a waiver, the Eleventh Amendment protects the State and its arms or instrumentalities from suit in federal court. *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018). This immunity bars any kind of relief, not merely monetary damages. *See Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

While there are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment, neither exception applies to this case. *See Barnes v. State of Missouri*,

4

960 F.2d 63, 64 (8th Cir. 1992). The first exception arises where Congress has statutorily abrogated sovereign immunity by clear and unmistakable evidence. *Id.* The second arises when a state waives its immunity to suit in federal court. *Id.* at 65.

As to the first exception, the Supreme Court has determined that § 1983 does not waive a state's immunity under the Eleventh Amendment. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent."). And as to the second exception, there is no indication that the State of Missouri has waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. § 537.600 (2016). For these reasons, Plaintiff's claims against the State of Missouri and the MDOC must be dismissed.

### Conclusion

For the foregoing reasons, the Court will dismiss Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e)(2), for failure to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2).

A separate Order of Dismissal will accompany this Memorandum and Order.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 3rd day of May, 2024.